Laraine M. I. Burrell, WSBA # 48684
JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
2600 Chester Kimm Road
Wenatchee, WA 98801
Telephone: (509) 662-3685
Email: LaraineB@jdsalaw.com
**ATTORNEYS FOR PLAINTIFF**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COMPUTER 5, INC. a Washington corporation, dba LocalTel Communications,<br><br>Plaintiff,<br><br>vs.<br><br>COMPUTER5INC.COM, an entity of unknown origin,<br><br>Defendant. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>(1) Cybersquatting under 15 U.S.C. § 1125(d)<br>(2) Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a)<br>(3) Federal Trade Name Infringement under 15 U.S.C. § 1125(a)<br>(4) Common Law Trademark and Trade Name Infringement<br>(5) Common Law Unfair Competition<br>(6) Unfair Competition under RCW 19.86, *et seq*.<br>(7) Intentional Interference with Contractual Relations<br>(8) Intentional Interference with Prospective Economic Advantage |

Plaintiff, COMPUTER 5, INC. ("COMPUTER 5" or "Plaintiff"), by and through its undersigned counsel of record, hereby alleges and complains against Defendant, COMPUTER5INC.COM ("Defendant") as follows:

## NATURE OF ACTION

This is an action for cybersquatting, and unfair competition under federal statutes, with pendent claims for state unfair competition under RCW 19.86 *et seq.*, and common law claims for trademark infringement, intentional interference with contractual relations and intentional interference with prospective economic advantage. Plaintiff seeks damages, attorneys' fees, costs, and preliminary and permanent injunctive relief.

## JURISDICTION

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§1331 and 1338(a), and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

2. This Court has personal jurisdiction over the Defendant based upon the following: (a) Defendant operates a web site on the Internet that is accessible to residents of the State of Washington; (b) Defendant's website provides information and services related to East Wenatchee, Douglas County, Washington, and seeks personal information from users in order to facilitate the provision of such information and services in East Wenatchee, Douglas County, Washington; (c) Defendant registered the domain name <www.computer5inc.com> (the "Infringing Domain Name") incorporating the Plaintiff's well-known telecommunications services and business name; (d) Defendant linked the Infringing Domain Name to a website purporting to offer Plaintiff's services and depicting Plaintiff's own address in East Wenatchee; and (e) Defendant committed tortious acts that it knew or should have known would cause injury to Plaintiff in the State of Washington.

3. Venue is proper in the United States District Court for the Eastern District of Washington under 28 U.S.C. § 1391(b) in that the asserted claims arose within the district and that this Defendant, or its agents, conducts business, resides, or may be found within this district.

## PARTIES

4. Plaintiff, COMPUTER 5, Inc., is a Washington corporation doing business under that name since 1982. Plaintiff also operates under a dba called LocalTel Communications, which offers telecommunications services including telephone, Internet, television and security services.

5. Upon information and belief, Defendant COMPUTER5INC.COM is an entity doing business in East Wenatchee, Washington, allegedly offering telecommunications services including telephone, Internet, television and security services.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff has been doing business in the state of Washington since 1982. Since that time, and to the present day, Plaintiff offers communication services both locally and nationally including dial tone services offered and accessible nationwide, ISP and Internet services accessible and offered nationwide, VOIP services accessible and offered nationwide, and broadcast television services offered across state lines, all under the COMPUTER 5 trade name and trademark.

7. On or about the morning of June 8, 2017, Debra Purcell, the Division Manager for Plaintiff's business, Computers 5 Inc., received an email from Ingram Micro, one of Plaintiff's suppliers, about a new account request. The emailer stated the new account had been requested by "Dimitri" [Mandelis] who is the President and CEO of Plaintiff company.

8. More specifically, the request was made to open a second account by which the requester could order telecommunications products under the second account, but then charge those products to Plaintiff's original account.

9. Upon further investigation, it was discovered that Dimitri had not requested a new account be set up with Ingram Micro and so Ms. Purcell requested

Ingram send her a copy of the application.

10. The application identified a company called COMPUTER 5, which listed Plaintiff's actual business address at 341 Grant Road, East Wenatchee WA 98802, but also with contact information, including a telephone number that did not belong to Plaintiff. The application also identified the website <www.computer5inc.com> which is not Plaintiff's website. Further investigation of the website showed an entity by the name of Computer 5 purporting to offer services similar to those offered by the Plaintiff, but more importantly, alleging that its office was located at 341 Grant Road, East Wenatchee WA 98802 – **which is Plaintiff's address.**

11. Upon information and belief, Defendant registered the domain name <www.computer5inc.com> with Wild West Domains on or about May 31, 2016. The registration was set up through a proxy service, specifically Domains By Proxy, LLC. Upon information and belief, Defendant used a proxy registration service to hide its true identity.

12. Upon information and belief, Defendant set up an infringing website at <www.computer5inc.com> in order to usurp Plaintiff's customers, and business opportunities and to harm Plaintiff's business. More specifically, it appears Defendant set up the website in an attempt to validate its fraudulent business activities which include attempting to set up additional accounts with Plaintiff's suppliers and vendors, order products for itself, but then charge the cost of those products to the Plaintiff.

13. By registering and/or using domain names containing the entirety of Plaintiff's trademark and trade name, Defendant was and is attempting to trade on the goodwill of Plaintiff.

14. By registering and/or using domain names containing the entirety of Plaintiff's trademark and trade name, Defendant was and is attempting to divert Internet users looking for Plaintiff's website and/or COMPUTER 5 telecommunications

services to its own website.

15. By registering and/or using domain names containing Plaintiff's trademark and trade name, Defendant was and is attempting to create an association between the Infringing Domain Names and Defendant's telecommunication services and the Plaintiff's well-known COMPUTER 5 trademark.

16. Plaintiff's name and mark at issue in this case had been in use throughout the United States for about thirty-five years and were distinctive at the time Defendant registered the Infringing Domain Name.

17. Defendant registered the Infringing Domain Name and then linked it to its infringing website using Plaintiff's COMPUTER 5 name and marks, together with content copied from Plaintiff's website, with the bad faith intent to profit from Plaintiff's well-known marks.

18. Upon information and belief, the Defendant has no trademark or other intellectual property rights in the COMPUTER 5 name or mark.

19. Upon information and belief, the Defendant has no prior use of the Infringing Domain Name in connection with the bona fide offering of any goods or services.

20. Upon information and belief, the Defendant intended to divert customers from the Plaintiff's web site to the Infringing Domain Name in a manner that could harm the goodwill represented by Plaintiff's marks.

21. Upon information and belief, Defendant intended to divert customers from purchasing legitimate telecommunication services from the Plaintiff, to instead purchase Defendant's services so they could commercially benefit from the sale.

22. Upon information and belief, Defendant intended to purchase products under Plaintiff's trade name and trade mark but then not pay for them, and to instead have those products paid for by Plaintiff.

23. Upon information and belief, the Defendant did not believe or have reasonable grounds to believe that the use of the Infringing Domain Names was a fair use or otherwise lawful.

**FIRST CLAIM FOR RELIEF**
(Cybersquatting under the
Lanham Act, 15 U.S.C. § 1125(d))

24. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

25. Defendant registered, trafficked in, and/or used a domain name that is identical or confusingly similar to and/or dilutive of Plaintiff's trademark and trade name, which Plaintiff has used in commerce since at least as early as 1982, and which was distinctive and/or famous at the time of registration of the Infringing Domain Name in 2016.

26. Defendant has or had a bad-faith intent to profit from Plaintiff's trademark and trade name.

27. As a direct and proximate result of such conduct, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill.

28. Plaintiff has been damaged by Defendant's acts and Plaintiff is entitled to the remedies provided in 15 U.S.C. § 1116 *et seq.*, including, but not limited to, treble damages, attorneys' fees and injunctive relief.

**SECOND CLAIM FOR RELIEF**
(Unfair Competition and False Designation of Origin under the
Lanham Act, 15 U.S.C. § 1125(a))

29. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

30. Defendant's use in commerce of marks identical and/or confusingly similar to Plaintiff's trademark and trade name in connection with Defendant's services,

web site, and Internet domain name, constitutes a false designation of origin and/or a false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services or commercial activities.

31. Defendant's use in commerce of Plaintiff's mark and name, and/or a mark and name confusingly similar to Plaintiff's trademark and trade name with the knowledge that Plaintiff owns and has used, and continues to use, its trademark and trade name constitutes intentional conduct by Defendant to make false designations of origin and false descriptions about Defendant's services and commercial activities.

32. As a direct and proximate result of such unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

33. Plaintiff has been damaged by Defendant's acts and Plaintiff is entitled to the remedies provided in 15 U.S.C. § 1116 *et seq.*, including, but not limited to, treble damages, attorneys' fees and injunctive relief.

### THIRD CLAIM FOR RELIEF
(Federal Trade Name Infringement under 15 U.S.C. § 1125(a))

34. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

35. By virtue of having used and continuing to use its trade name since 1982, and given Plaintiff's investment of significant money and effort to establish public recognition of its trade name, Plaintiff's trade name has acquired "secondary meaning" for telecommunications services.

36. Defendant's use of the Infringing Domain Name and website constitutes trade name infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a).

37. Upon information and belief, Defendant's use of the Infringing Domain Name and website is willful and with the intent of misappropriating and trading upon Plaintiff's good will and reputation.

38. As a direct and proximate result of such trade name infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

39. Plaintiff has been damaged by Defendant's acts and Plaintiff is entitled to the remedies provided in 15 U.S.C. § 1116 *et seq.*, including, but not limited to, treble damages, attorneys' fees and injunctive relief.

## FOURTH CLAIM FOR RELIEF
(Common Law Trademark And Trade Name Infringement)

40. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

41. By virtue of having used and continuing to use its trademark and trade name since 1982, Plaintiff has acquired common law rights in that mark and name.

42. Defendant's use of marks identical and/or confusingly similar to Plaintiff's trademark and trade name infringes Plaintiff's common law rights in its trademark and trade name, and this use is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendant's services, web site and/or Internet domain name originate from, or are affiliated with, or endorsed by Plaintiff when, in fact, they are not.

43. As a direct and proximate result of Defendant's infringement of Plaintiff's common law trademark and trade name rights under Washington and other common law, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

///

## FIFTH CLAIM FOR RELIEF
(Common Law Unfair Competition)

44. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

45. By engaging in the conduct alleged above, Defendant has unlawfully and unfairly competed with Plaintiff as a matter of common law.

46. Upon information and belief, Defendant's use of the Infringing Domain Name and website is willful and with the intent of misappropriating and trading upon Plaintiff's good will and reputation. Plaintiff is entitled to punitive damages.

47. As a direct and proximate result of such trade name infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## SIXTH CLAIM FOR RELIEF
(Unfair Business Practices under RCW 19.86, *et seq.*)

48. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

49. Defendant's use in commerce of a name and mark identical and/or confusingly similar to Plaintiff's trademark and trade name in connection with Defendant's services, web site, and Internet domain name, constitutes an unfair method of competing in business and unfair trade practices, as well as fraudulent representations, which is damaging to the public interest in violation of Washington Consumer Protection Act, RCW § 19.86.020.

50. Defendant's use in commerce of Plaintiff's mark and name, and/or a mark and name confusingly similar to Plaintiff's trademarks and trade name with the knowledge that Plaintiff owns and has used, and continues to use, its trademark and trade name constitutes intentional conduct by Defendant to engage in unfair business

practices.

51. As a direct and proximate result of such unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

### SEVENTH CLAIM FOR RELIEF
(Intentional Interference with Contractual Relations)

52. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

53. Upon information and belief, at the time Defendant adopted and began using Plaintiff's name and mark and since that time, Defendant knew and has known that Plaintiff is in the business of providing telecommunications and related services nationwide.

54. At the time Defendant contacted Ingram Micro, Defendant knew, or should have known, that Plaintiff has a contractual relationship with Ingram Micro.

55. Upon information and belief, Defendant committed acts intended or designed to disrupt Plaintiff's prospective and actual economic relations and advantage by, among other things, diverting customers away from Plaintiff to Defendant, and obtaining lucrative contracts from Plaintiff's customer. Defendant has no legal right, privilege or justification for that conduct.

56. As a direct and proximate result of Defendant's intentional interference with Plaintiff's contractual relations, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury.

57. Based on the intentional, willful and malicious nature of Defendant's actions, Plaintiff is entitled to recover exemplary damages and reasonable attorneys' fees and costs incurred in connection with this action.

/ / /

# EIGHTH CLAIM FOR RELIEF
(Intentional Interference with Prospective Economic Advantage)

58. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

59. Upon information and belief, at the time Defendant adopted and began using Plaintiff's name and mark and since that time, Defendant knew and has known that Plaintiff is in the business of providing telecommunications and related services nationwide.

60. Upon information and belief, Defendant committed acts intended or designed to disrupt Plaintiff's prospective economic advantage arising from advertising and/or providing these services.

61. Defendant's actions have disrupted or are intended to disrupt Plaintiff's business by, among other things, diverting web users away from Plaintiff's web sites and other point of sale locations.

62. Defendant has no legal right, privilege or justification for its conduct.

63. As a direct and proximate result of Defendant's intentional interference with Plaintiff's prospective economic advantage, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury.

64. Based on the intentional, willful and malicious nature of Defendant's actions, Plaintiff is entitled to recover exemplary damages and reasonable attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that the Court grant the following relief:

A. A preliminary and permanent injunction prohibiting Defendant, its respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, or any of them, from: (1) using Plaintiff's trademarks or

confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any other purpose (including, but not limited to, on web sites and in domain names); and (2) registering, owning, leasing, selling, or trafficking in any domain names containing Plaintiff's trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs;

B. A preliminary and permanent injunction requiring the current domain name registrar to transfer the Infringing Domain Names to Plaintiff;

C. A preliminary and permanent injunction requiring the Defendant to remove any and all content from the <www.computer5inc.com> website and any similar website they own and/or operate, and which contains any name, mark, image, video, language, owned by the Plaintiff or which references the Plaintiff and any and all services they provide in East Wenatchee and elsewhere;

D. An award of treble damages pursuant to 15 U.S.C. §1116.

E. An award of compensatory, consequential, statutory, and punitive damages to Plaintiff in an amount to be determined at trial;

F. An award of interest, costs and attorneys' fees incurred by Plaintiff in prosecuting this action; and

G. All other relief to which Plaintiff is entitled.

DATED: this 12th day of June, 2017.

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**

*/s/ Laraine M. I. Burrell*

Laraine M. I. Burrell, WSBA # 48684
2600 Chester Kimm Road
Wenatchee, WA 98801
Telephone: (509) 662-3685
Attorneys for Plaintiff